## GEORGE R. MILLER *vs.* EAST SCHOOL DISTRICT.

M in 1836 brought a suit to the county court, in the name of the school district in which he resided, against C. in which the school district was non-suited on the ground that M had no authority to bring the suit in its behalf, and judgment was rendered against the district for costs.   In 1856 C brought an action of debt on that judgment against the district, in which legal service was made on the defendants, but they not appearing, judgment was rendered on default.   The execution issued on this judgment was levied on and satisfied out of the property of M within the district.   M then brought an action of assumpsit against the district to recover the amount thus paid by him, to which the district made defence, on the ground that the liability of the district being caused by his own unauthorized act in the original institution of the suit against C,⁵he ought not equitably to recover.   The superior court having rendered judgment for the district, on the motion of M for a new trial it was held,

1.  That the judgment of the county court for costs against the district in the original suit was void for want of jurisdiction, the district having been non-suited on the very ground that it was not before the court, and the court therefore having no jurisdiction over the district for the purpose of rendering judgment.

2.  That that judgment could not therefore be regarded as the legal consequence of the act of M in instituting the suit in the name of the district without authority.

3.  That if it had been such legal consequence, yet that M would be liable therefor only in an action on the case for damages, which had become barred by the statute of limitations before the institution of the present suit.

4.  That if it had been such legal consequence, and the claim not thus barred, yet that the judgment paid by M could not be regarded as his own debt, his liability to the district for damages being entirely different from an equitable duty to pay that specific debt; and such specific duty on the part of M being essential to the validity of such a defence.

To sustain such a defence the debt must have been so far the specific debt of M, that, if the district had paid it, it could have recovered the amount of M as money paid to his use.

And such right of recovery by the district must have been of the particular debt, and not of unliquidated damages.

And must have originated with the payment of the money by the district, and not have been a previously existing cause of action.

ASSUMPSIT, brought to recover of the defendants, a school district, the amount of an execution against the district in favor of one Curtis Coe, which had been levied on and satisfied out of the property of the plaintiff, an inhabitant of the district.   The defendants pleaded the general issue,

which was closed to the court, with notice of the special matters of defence below stated.

On the trial the defendants offered evidence, to the admission of which the plaintiff excepted, to prove that on the 24th of September, 1835, an action of trover was brought in the name of the district by the present plaintiff, assuming to act as agent of the district, against the said Curtis Coe, before a justice of the peace, which was afterwards carried by appeal to the county court, where, at the April term, 1856, the district was nonsuited on the ground that the present plaintiff had no authority from the district to institute and prosecute the suit in its behalf, and a judgment for costs rendered in favor of said Coe against the district. This judgment remained, without being enforced, until the 8th day of April, 1856, when the said Coe brought to the superior court an action of debt thereon, making legal service on the district, in which action the district did not appear to defend, and judgment was rendered against it on default. The execution issued on this judgment was levied on the personal property of the present plaintiff, which was sold thereon and on the sale was bidden in by him.

The district now claimed that the original judgment against it having been the consequence of the plaintiff's own unauthorized and unlawful act in personating the district and bringing the suit in its name, it was justly his duty to pay the amount thus finally paid by him, and that therefore he ought not to recover that amount from the district.

The plaintiff claimed that he had authority from the district to institute the suit against Coe, but in the view of the case taken by this court that question becomes unimportant. He also claimed that if he had not legal authority, yet that he supposed that he had, and acted in entire good faith in instituting the suit.

It was admitted that the plaintiff was entitled to recover in the present action, unless the matters above stated constituted a sufficient defence. The court, deeming that they did so, rendered judgment for the defendants. The plaintiff thereupon moved for a new trial.

*Barnes* and *Hooker,* (with whom was *Vinal,*) in support of the motion.

1. The judgment against the district for costs in the original suit, was not the legal consequence of the plaintiff's act. We will admit, for the purposes of the case, that the institution of that suit was wholly unauthorized, and even an act of bad faith on the part of the plaintiff,—that it was such an act as would make him liable to the district for whatever damage was caused by it. But he would be liable only for such damage as was the natural consequence of his wrongful act. The judgment for costs was not such a consequence, but the consequence only of the error of the court. The court had no right to tax these costs against the district. It had no jurisdiction over the district, because the latter was not in court, and wanting jurisdiction the judgment is void. The nonsuit was ordered on the very ground that the district was not in court. A stranger can not, by an unauthorized use of another's name in instituting a suit, render such other person liable for costs, especially where the case is nonsuited on the very ground that such person is not in court, and that the person who had used his name had no right to do so. All that can be done in such a case is to strike the cause from the docket as in any other case of want of jurisdiction.

The judgment last obtained by Coe against the district is not vitiated by being founded on a void judgment. That would have been a good defence if the district had chosen to make it,—but not choosing to do so, a valid judgment was rendered against it, which can not now be reviewed. It was now in court and the court had full jurisdiction.

2. But we say, that if the judgment was strictly the legal consequence of the plaintiff's act, thus admitting all that the defendants claim on this point, and even if the plaintiff was guilty of tortious conduct in bringing the original suit, so as to be clearly liable to the district for damages, yet that all this constitutes no defence in this case. For it is essential, to sustain the defence, that the plaintiff, in paying the judgment levied on his property, should be paying his own debt.

That is, that he should have been paying that which specifically he ought to have paid. It is not enough that in an arbitrating kind of equity he ought to pay it and save the district harmless:—it must be legally, as between the district and himself, *his to pay—his own debt, not theirs.* Now there are two tests to be applied here to determine whether his obligation was of that character. One is,—could the district, in case the judgment had been paid by the treasurer, have recovered the amount from the plaintiff? Not whether the plaintiff could have been subjected to damages on the suit of the district, for falsely personating the district in bringing the suit, for those damages would not necessarily be commensurate with the amount of the judgment in question, but whether the district could recover the money paid, that is, the very sum paid, and on the ground that it was specifically his to pay, and that therefore the district in paying it had paid out money for him. The other test is,—did the liability of the plaintiff to the district, in case the district had paid the judgment, then first accrue, or had it an existence previously? If it was a former liability for damages (*eo nomine*) and on which the district might have sued before paying the judgment, then it is not of such a nature that it can constitute a defence in the present suit. To illustrate precisely what we mean we will suppose two cases. An attorney, a member of a school district, is employed to bring a suit for the district, and does so, but by negligence afterwards allows the case to be nonsuited. A bill of costs is taxed against the district, in this case clearly legal. On the judgment for costs an execution issues and is levied on the property of the attorney, who pays it and then sues the district. The district defends on the ground that his misconduct caused the liability and that the district has a claim on him for damages. Here are the essential elements of the present case, (admitting all that the defendants claim,) and as strong a case as can be supposed for such a defence. Now the judgment against the district was not, in any sense known to the law, the debt of the attorney, or his to pay,— nor did his liability to the district accrue only upon the dis-

Miller *v.* East School District.

trict's paying the judgment,—nor if the district had paid it
would it have paid the attorney's debt,—nor was the claim of
the district for damages the precise equivalent of the attor-
ney's claim for the money paid, for the district might have
recovered much more damages, (if for instance their cause
had become outlawed by the nonsuit,) or possibly less.    The
two claims have not that correlativeness which is necessary
to make the supposed defence good.    It is true that if the
attorney was insolvent, a court of chancery might, *on that
ground solely*, interfere and effect a set off, or at least stay
execution until judgment was obtained by the district and
then set off the judgment—but the fact that insolvency
would be necessary to such an interference shows that in its
absence no such equity would exist.    The other case which
we will suppose is this.  A school district owes a debt.  Under
some arrangement with one of its members, it takes from
him a bond to pay the debt and save the district harmless.
He however neglects to pay, and the creditor gets judgment
against the district and levies the execution on the property
of the member above mentioned.    Now he has clearly paid
that which he ought to pay,—that which as between him
and the district *was his own debt*—that which if the district
had paid it could have recovered of him as money paid for
him—and his liability to the district would come into exist-
ence at the moment of the district's paying the judgment,
and not before—and his liability would be for the exact
amount paid by the district.    Here, if he should sue the dis-
trict to get back the money, the district would have a good
defence.    In short, it comes to this,—was the plaintiff, in
paying the judgment in the case now before the court, *paying
to his own use*, or *to that of the district*.    If he was paying
to the use of the district, he at once has the right to recover.
If he was paying to his own use, he of course can not re-
cover.    The money was clearly paid to the use of the dis-
trict, unless it was the plaintiff's to pay.    So that it is not
enough that the plaintiff's misconduct has caused the loss
and that he is liable for damages; it must have been his debt
to pay, money paid to his own use.

3. There are other points in the case which we might urge; such as that of the barring by the statute of limitations of whatever claim the district may have had on the plaintiff for damages; and the nonliability of the plaintiff, if any liability whatever exists, for the costs of the latter judgment, which formed a part of the judgment paid by him, his liability not extending in any event beyond the original judgment and interest upon it. But we regard the other points made by us as so decisive of the case that we consider these unimportant.

*Dutton* and *Culver*, contra.

1. The action being indebitatus assumpsit for money paid, the law will not imply a promise to repay it unless *ex æquo et bono* the defendants ought to repay it. 1 Sw. Dig. 397. This is an equitable action, and can be supported by evidence of an equitable right to recover, and on the other hand defeated by proof that the plaintiff ought not in equity to recover.

2. The plaintiff, by his wrongful act in instituting a suit in the name of the defendants without authority, has brought upon them the judgment which he has since been compelled to pay for them and for the recovery of the money paid on which he has brought this suit. It was his duty at once to have paid the costs thus taxed against the defendants, and having now paid them he has paid only what he ought to have paid. If he had paid them at the time, it would have been very inequitable for him to claim that the district should pay him the amount thus paid; and if it would have been inequitable then, it is so now. It does not lie in his mouth to say that the judgment was a void one because the district was not in court. He claimed that it was in court and that he had authority to appear for it, and he allowed the judgment to be rendered against the district. Nor is his liability to the district barred by the statute of limitations. The district has never suffered any damage. If it had paid the judgment it would then for the first time have sustained damage; but the plaintiff has paid

it. The defence does not rest on the ground that the defendants have suffered damage which should be set off against the plaintiff's claim—but that the plaintiff has paid only what he ought himself to pay, and has no claim on the district to make him good. The circumstances out of which the claim arises are such as make it inequitable that the plaintiff should make the defendants pay it, especially that he should make them pay it to him after he has himself paid it. To rule out this defence would be to allow the plaintiff to take advantage of his own wrong. If the plaintiff is entitled to recover, then a party by his own act can impose an indebtedness on another *in invitum*, and then on paying the debt himself, can compel the other party to make him good. The defence can not be objectionable on the ground that it impeaches the last judgment rendered, by showing that the district was not liable to pay the debt which the judgment establishes. This ground was taken in the court below; but it is obvious that that judgment is not impeached. The liability of the district, as between it and Coe, is not disputed, but only as between the district and the present plaintiff. We admit the legal liability of the district, but claim that in equity the plaintiff ought to pay the judgment and save the district from it, and that having paid it, he has no equitable claim on the district for the amount so paid.

HINMAN, J. The plaintiff is a member of the East School District in Middletown, and as such his property was levied upon and sold upon an execution issued on a judgment against the district, and the avails applied to satisfy the judgment. He has therefore a right to recover back the amount which has thus been paid for the benefit of the district, unless there is something in the defence which has been set up to preclude him from doing so.

The judgment which the plaintiff paid was rendered in 1856, on a writ and declaration served the 8th of April of that year, and that action was debt on a judgment of the county court rendered in April, 1836. The defence to the

plaintiff's action for paying the last judgment was, that he, the plaintiff, in 1835, commenced an action of trover in the name of the district, against Curtis Coe, the party who recovered the judgment in 1856, which terminated against the district, on the ground that the plaintiff had no authority to commence the action, but that it was wrongfully commenced and prosecuted by Miller alone, in the name of the district, without any right or authority from the district or otherwise to institute or prosecute the same; on which ground the county court ordered judgment of non-suit against the district, and also rendered a judgment for costs, which was the judgment which laid the foundation for the action of debt on judgment which was terminated by the judgment which the plaintiff paid and the amount of which he seeks to recover back in this action. Now, if it be assumed that the plaintiff acted tortiously in commencing the action of trover without authority—though there is no evidence to show that he did so,—he would undoubtedly have been liable to the district for any damage that he might have caused it. But that liability has been barred by a lapse of six years for a period now of more than twelve years, thus barring the claim, if made by the district directly in an action against the plaintiff, three times over. But we have not thought it worth while to enquire whether the laches of the district, in suffering this judgment to sleep for this period, ought also to bar them from using it as a defence to this action, because we are satisfied upon other grounds that the defence to this suit can not be maintained; and we only allude to it, therefore, as one of the circumstances which give a character to this defence.

The claim on the part of the defence is, that the plaintiff without authority commenced the action of trover; that the judgment for costs in that action was the foundation of the judgment which the plaintiff paid; and that therefore the plaintiff has only paid what he was bound to pay, on the ground of saving the district harmless from his unauthorized act, and ought not therefore to recover it back. By looking at the bill of exceptions, which is a part of the record in the original suit against Coe, it appears that the only ground on

which the county court ordered a nonsuit and rendered judgment for costs in that suit, was that the present plaintiff, by whose agency alone that suit was instituted, had no authority to commence or prosecute it. But if the suit was wholly unauthorized by the district, if the district was in no legal sense before the court, what right had the court to tax costs against it? It certainly is essential to a valid judgment against a party that the court should in some way have jurisdiction over him, and we know of no way in which this can be acquired, unless he voluntarily comes before the court, as is the case with a plaintiff who commences a suit, or is served with process, as is ordinarily the case with a defendant.

Judgment for costs, therefore, was not the legal consequence of the plaintiff's misconduct, especially costs against a party that he had no authority to represent; and if that judgment was not void, but only voidable on a writ of error, it equally follows that it was not any legal consequence of the plaintiff's misconduct, but only of the error of the court.

It surely requires no authority to show that damages must be the immediate and not the remote consequence of the act complained of. They must appear to be the legal and natural consequence of the wrong, and ought not to arise from the wrongful or erroneous or improper conduct of a third person, although such conduct may have been remotely induced by the wrong. Hence in the leading case of *Vicars* v. *Wilcocks*, 8 East., 1, it was held that the wrongful act of a third person in dismissing the plaintiff from his employment, though caused by the slander for which the suit was brought, was not, on that account, a proper subject of damages in that action; and whatever may be said as to the proper application of the principle requiring damages to be the immediate and natural consequence of a wrong, to an action of slander, when the slander has induced a third person not to perform a contract, or not to make one, which we are aware has been considered as going too far, (see 2 Smith's Lead. Cas., 463, 4,) yet the principle itself is not doubted anywhere. Surely it can not be enough that some tortious act has

caused an unwarrantable or erroneous act of a third person, if there is no connection in reason, or law, or in common sense, between the damage thus caused and the act which is supposed to have caused it. And we do not see that it makes any difference in the case, that the erroneous act which is supposed to have produced the damages to the plaintiff, was the act of a court. The plaintiff, if he was ever a party to the action in favor of the district, ceased to have any power or control over it, when the court refused to permit him or any member of the district to appear in it; and his condition would indeed be a hard one, if after that he should be held to be responsible for everything the court might be induced to do, whether legal or illegal.

In coming to the conclusion that the judgment of the county court against the district for cost was not a legal consequence of the unauthorized act of the plaintiff in commencing the action of trover, it is of course assumed, without examination or enquiry, that the court was correct in ordering the nonsuit; and that the ground upon which it was ordered was true in fact,—that is, that the present plaintiff had no authority to commence that suit. We allude to this circumstance here that it may not be inferred that the court intend to give any opinion upon the question whether the plaintiff had or had not authority to commence that suit. It is obvious that if he had authority the whole foundation of the defense fails, because, in that case, he was in the strict line of his duty in commencing the suit. But we prefer that it should be put upon the most favorable ground for the defence, and have therefore assumed that his act was unauthorized. The substance of what has been said may be summed up in a few words. The county court nonsuited the district on the ground that it was not before the court. But if the district was not before the court, then no judgment for costs could be rendered against it, and so the costs for which the court did in form render a judgment against the district, were, in no legal sense, a natural result of the unauthorized act of the plaintiff in commencing that suit.

The last judgment against the district is admitted by all

parties to be valid.   The district was regularly served with process, and was therefore in court, and though it chose to suffer judgment to go against it by default, rather than to make defence, either on the ground that the judgment on which the action was founded was invalid, or on the ground that from the lapse of time it might be presumed to have been satisfied, it is now too late for the district to complain of it. And as the plaintiff has paid it, it follows from what has been said that he has paid it to the use of the defendants and can therefore recover it back in this action.

But suppose it be admitted that the misconduct of the plaintiff in bringing the first suit necessarily caused the judgment for costs against the district, so as to render those costs when paid a proper subject of damages against the plaintiff, in a suit by the district, for having improperly caused it trouble and expense by thus commencing that suit, yet it would by no means follow that such a claim would defeat the plaintiff's action for money paid for the use of the district. The judgment which the plaintiff paid was for a definite sum—a debt resting upon the records of the court which rendered it, whereas the district's claim against the plaintiff was for such damages as a jury might assess.   The costs taxed against the district might be one item to be considered by the jury in estimating the damages.   But there might be other items which would go to make up the damages; and when the plaintiff pays for the district any one of the separate claims against it, growing out of the commencement and prosecution of that suit, is he to be allowed for it, in an action on the case against him by the district? And are we to try the question as to his liability whenever he has a claim for money paid for the district?   Whenever a party pays his own debt, he pays it to his own use, and whoever may be primarily liable in point of form, it is nevertheless *the debt* of him who pays it, and therefore he has no right to call for its repayment to him.   But a claim for unliquidated damages arising from a tort is a very different thing.   And it becomes no more a debt against him because some third person has in consequence of his wrongful act recovered a judgment against the party primarily injured by his wrong.

Suppose the district had paid this judgment, could it have sued the plaintiff for money paid to his use? But if it could not, then it was the district's debt and not the plaintiff's. Again, did the liability, in the case supposed, first accrue to the district on the district's payment of the money, or did the liability exist previous to such payment? But if it was a liability for damages arising from the tortious act of commencing the suit without authority, on which a suit might have been maintained before the district paid the money, then it was in no sense the debt of the plaintiff, and can not constitute any defence to the present suit. That the district could not sustain an action for money paid for the plaintiff's use, is evident not only from the fact that no debt existed against the plaintiff, but from the further fact that there would be no express or implied request on the part of the plaintiff, and without such request the action for money paid will not lie. To sustain the count for money paid, says Chitty, (citing *Child* v. *Morley*, 8 T. R., 610, and other cases,) it is in general necessary that the money paid should have been at the time a debt for which the defendant was *originally* and *primarily* liable to the third party; otherwise the remedy is on the special contract between the parties. And if a broker, by the authority of his principal, contracts on a certain day to deliver stock, and the principal refuses to perform the contract, if he can not recover in this action the money paid for the difference in the value of the stock from the contract price, because the remedy is an action for the refusal to transfer the stock, it seems quite apparent that the district, had it paid this judgment, could not have sued the plaintiff for it as money paid for his use. And if not, then it seems that no debt, as such, existed against the plaintiff, and he having by legal process been compelled to pay a debt of the district, has a right to recover it back in this action.

Upon the whole case, therefore, we are of opinion that the superior court should have excluded the evidence going to show that the plaintiff without authority commenced the original action of trover, the cost in which action was the foundation of the judgment which the plaintiff paid, and that,

upon the admitted facts in the case, judgment should have been rendered in favor of the plaintiff. We therefore advise the superior court to grant a new trial.

In this opinion the other judges concurred.

New trial advised.